ORIGINAL

FILED
JAN 13 2003
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 02-40026-JPG |
| vs. ) | |
| ) | |
| SIGMA ENTERPRISES, LTD., ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, by its counsel, Miriam F. Miquelon, United States Attorney for the Southern District of Illinois, Stephen B. Clark, Assistant United States Attorney for the Southern District of Illinois, and the Defendant, Sigma Enterprises, Ltd.,, by its attorney, John Stobbs, hereby notify the Court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, that the following Plea Agreement under Rule 11(e)(1)(C) has been negotiated and entered into:

1.      Sigma Enterprises, Ltd., agrees to plead guilty through an authorized representative, John Stobbs, to Count One of the Superseding Indictment. Sigma Enterprises, Ltd., has its principal place of business in London, England.

2.      The Superseding Indictment charges Sigma Enterprises, Ltd., with violating Title 18, United States Code, Section 371 (conspiracy to violate export laws as set forth in Title 50, United States Code, Sections 1702 and 1705(b)), which statute carries a maximum penalty of 5 years' probation, or a $500,000 fine, or both.

3. The Government and Sigma Enterprises, Ltd., have agreed to recommend to the Court that a proper disposition of this matter is the payment of a criminal fine by Sigma Enterprises, Ltd., in the amount of $20,000.00, which is to be paid at the time of plea hearing. Sigma Enterprises, Ltd., also agrees to pay the assessment of $400 as required by 18 U.S.C. § 3013(a)(2)(B) (for offenses committed after April 24, 1996).

4. The Government and Sigma Enterprises, Ltd., have agreed that the disposition of this matter shall include a period of five years probation.

5. Provided the sentence imposed in this case does not exceed the recommendation set forth in paragraph 3 herein, Sigma Enterprises, Ltd., waives its right to appeal the sentence imposed, to challenge that sentence in any collateral proceeding, or to seek reduction of the sentence under Rule 35 of the Federal Rules of Criminal Procedure in exchange for the concessions made in this plea agreement.

6. Conditioned on Sigma Enterprises, Ltd.,'s compliance with all terms of this Plea Agreement, the United States agrees that it will not prosecute any other criminal charges against Sigma Enterprises, Ltd., for any other matters currently known to the government as a result of its investigation.

I.

7. Defendant will cooperate fully with the United States. Defendant agrees and acknowledges that its obligation to cooperate requires it to provide complete and truthful testimony under penalty of perjury before any Grand Jury or in any trial proceeding arising out of this investigation. This cooperation includes waiving its attorney-client privilege and attorney work

product privilege as to witness statements of current and former employees. Defendant also agrees and acknowledges that it will make all reasonable efforts to encourage employees to provide complete and truthful testimony before any grand jury or any trial proceeding arising from the subject matter of this investigation, now or in the future. Furthermore, Defendant understands that this agreement requires it to testify concerning all criminal activity about which it knows, whether or not Defendant was itself involved.

8. Defendant also agrees and acknowledges that its obligation to cooperate requires it, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which it knows. Defendant agrees that any such information it provides law enforcement agencies will be complete and truthful.

9. Besides the foregoing, Defendant will do all things deemed reasonably necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which Defendant is involved or about which it knows arising out of this investigation.

10. Defendant further agrees that its obligation to cooperate includes providing information concerning its knowledge of criminal activity in the Southern District of Florida and the Southern District of Illinois, and elsewhere, including but not limited to all federal districts, and the United Kingdom, and Germany.

11. The United States will inform the Court of the extent of Sigma Enterprises, Ltd.,'s cooperation; however, Sigma Enterprises, Ltd., understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that except as provided under Rule 11(e)(1)(C), it will not be able to withdraw its plea of guilty, once entered.

12. Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so. A duly executed resolution of the Board of Directors of Sigma Enterprises, Ltd., approving this Plea Agreement is attached hereto as Exhibit A.

13. In conjunction with the provisions of this Plea Agreement, Defendant specifically agrees and acknowledges that if it fails to comply with any reasonable request for cooperation, or does not cooperate fully or does not testify truthfully before the Grand Jury or at any trial in any federal district where a duly authorized representative is called by the United States as a witness, then the United States is completely released from any obligation arising from this agreement and Defendant is subject to full prosecution and punishment for any crime known to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, will be grounds for Defendant to withdraw its plea.

14. Defendant acknowledges that it has been advised and does fully understand the following:

>    (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;
>
>    (b) that it has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it, and may, as a corporation, have the right not to be compelled to incriminate itself;
>
>    (c) that if it pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;
>
>    (d) that if it pleads guilty, the Court may ask its representatives questions about the offense to which it has pleaded, and if it answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it or its representatives in a prosecution for perjury or false statement; and,

  (e) that if it pleads guilty, it will waive its right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

  15. Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between Defendant and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce it to enter into this Plea Agreement and Stipulation of Facts.

  16. Defendant understands that this offense is subject to provisions and guidelines of the Sentencing Reform Act of 1984 (Ch. II of the Comprehensive Crime Control Act of 1984, Public Law 98-173, Oct. 12, 1984), Title 28, United States Code, Section 994(a). The Government submits to the Court that the sentence of an organization, including restitution and the imposition of a fine, is governed by Chapter 8 of the United States Sentencing Guidelines. However, the Government submits that, according to U.S.S.G. § 8C2.1, the Fine Guidelines are not applicable to the offense charge in Count 1 because the offense guideline of U.S.S.G. § 2M5.1 is not listed in § 8C2.1.

  17. Defendant states that its representative has read this agreement and has discussed the agreement with its attorneys, and understands it.

  18. Defendant understands and agrees that if it, through its officers, senior managers and/or directors, commit any offense in violation of federal, state, local law or violate any term or condition of this agreement, then the Government is not bound by the provisions in this plea agreement and may request that the Court impose on Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of probation.

No action taken or recommendation made by the Government pursuant to this paragraph will be grounds for Defendant to withdraw its plea.

19. This Plea Agreement may be executed in more than one counterpart, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

20. This Plea Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by each of the parties.

21. No additional promises, agreements, or conditions other than those referenced in this Plea Agreement will be entered unless in writing and signed by all parties.

II.

No matters are in dispute.

The defendant has discussed with his attorney and understands that nothing contained in this plea agreement or the Stipulation of Facts relative to sentencing for this case is meant to limit the rights and authority of the United States of America to take further civil or administrative action against the defendant including but not limited to, any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans and benefits from United States government agencies.

Sigma Enterprises, Ltd., a Florida corporation, through its representative

John Stobbs
Attorney for Defendant

Date: 1-13-03

MIRIAM F. MIQUELON
United States Attorney
Southern District of Illinois

STEPHEN B. CLARK
Assistant United States Attorney

Date: 1/13/03

6

01/13/2003 10:43  FAX 618 ... 4145    STOBBS LAW    ☒02

FILED
JAN 13 2003
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

# SIGMA ENTERPRISES LIMITED
**A company registered in England and Wales under registration number 01799223**

(the "Company")

Pursuant to Regulation 93 of Table A to the Companies Act 1985 (the "Act"), the following resolutions have been passed as written resolutions in lieu of a physical meeting by all of the directors of the Company.

---

## DECLARATION OF INTEREST

1. The directors declared their interests in the business to be transacted in the Meeting for all purposes including (without limitation) the articles of association and Section 317 of the Act.

## IT WAS NOTED THAT:

1. The Company and the United States of America (the "Government") have engaged in negotiations to resolve the charges set forth in a Superseding Indictment in Case Number 02-40026-JPG (hereinafter, "Indictment"), which was filed on May 24, 2002, in the United States District Court for the Southern District of Illinois (hereinafter, "Court"); and

2. The directors of the Company have determined that it is in the best interests of the Company to enter into a plea agreement with the Government in regard to the Indictment, on the terms and conditions set forth in the agreement attached to this consent (the "Plea Agreement").

## IT WAS RESOLVED THAT:

1. It is in the best interests of and to the benefit of the Company to enter into the Plea Agreement (including any amendments that may be made to the Plea Agreement pursuant to resolution 5).

2. The Company be and it is hereby authorized to enter into the Plea Agreement (including any amendments that may be made to the Plea Agreement pursuant to resolution 5) and carry out all of its terms and conditions;

3. John Stobbs, an attorney licensed to practice law in the State of Illinois, United States of America, be and hereby is appointed as the Company's authorized representative and attorney for the purposes of representing the Company in all further negotiations with the Government and actions in connection with entering a plea to the Indictment.

4. John Stobbs, as agent and attorney for the Company, be and is hereby authorized and directed to execute the Plea Agreement on behalf of the Company and to deliver the Plea Agreement to the Government or to the Court, and to enter in open court the plea of the Company as set

forth in the Plea Agreement.

5. John Stobbs, as agent and attorney for the Company, be and is hereby authorized to make such minor amendments to the Plea Agreement as he thinks fit or such other amendments as he considers more favourable to the Company to the Plea Agreement, and to execute and deliver any such amended Plea Agreement to the Government or to the Court, and to enter in open court the plea of the Company as set forth in any such amended Plea Agreement.

DATED: 1st November, 2002

_____
Peter Fleming

_____
Alexander B Chikwanda